# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**TOMMY ROY KEETON,**
        **Plaintiff,**

    v.

**D. SEITZ, ET AL.,**
        **Defendants.**

NO. CV 17-7523-FMO (KS)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

## INTRODUCTION

On October 13, 2017, Tommy Roy Keeton ("Plaintiff"), a California state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). (Dkt. No. 1.) The Court screened the Complaint pursuant to 28 U.S.C. § 1915A, and on November 1, 2017, issued an Order dismissing the Complaint but granted Plaintiff leave to file a First Amended Complaint ("FAC"). (Dkt. No. 5.) On November 29, 2017, Plaintiff filed a FAC. (Dkt. No. 6.) On January 17, 2018, the Court dismissed the FAC with leave to amend and ordered Plaintiff to file a Second Amended Complaint ("SAC") by no later than February 16, 2018. (Dkt. No. 7.) The Court warned

1

Plaintiff that failure to comply with the order and file a Second Amended Complaint on or before the February 16, 2018 deadline could result in dismissal. (*See id.*)

On March 6, 2018, the Court issued an Order to Show Cause ("OSC") by April 5, 2018 why the action should not be dismissed for failure to prosecute because Plaintiff had neither "filed a Second Amended Complaint, notified the Court of a change of address, nor otherwise communicated with the Court about his case." (Dkt. No. 8 at 1.) Almost four weeks have passed since Plaintiff's April 5, 2018 deadline to respond to the Court's OSC and Plaintiff has not filed a Second Amended Complaint, updated his address with the Court, or communicated with the Court regarding his case. The Court, therefore, concludes that the action should be dismissed without prejudice for failure to prosecute and comply with court orders, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-1.

**DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions "if the plaintiff fails to prosecute or to comply with . . . a court order." FED. R. CIV. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629-31 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Plaintiff has effectively declined to participate in the litigation. He has not communicated with the Court

2

since filing his second deficient pleading more than five months ago, and he has ignored the Court's March 6, 2018 OSC requiring him to show cause why the action should be allowed to proceed. Plaintiff's failure to file a viable amended complaint, request an extension of time, or show good cause for his delay hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to Defendant – also counsels in favor of dismissal. The Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). The passage of more than two months since Plaintiff's deadline to file his SAC constitutes an unreasonable delay. While a presumption of prejudice can be rebutted by a non-frivolous explanation, Plaintiff has not provided a non-frivolous explanation and he has not communicated with the Court regarding this matter since he filed the deficient FAC in November 2017. *See In re Eisen*, 31 F.3d at 1453. Plaintiff's *pro se* status does not excuse his unreasonable delay, as he is still subject to federal and local rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam), *cert. denied*, 516 U.S. 838 (1995). In the absence of any explanation, non-frivolous or otherwise, for Plaintiff's delay, the Court presumes prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999).

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, the Court attempted to avoid outright dismissal by giving Plaintiff the opportunity to amend the pleading, an opportunity to request an extension of time, and an express warning that Plaintiff's failure to comply with the Court's orders could result in dismissal. Plaintiff did not respond; indeed, he has not communicated with the Court about this case since November 29, 2017. Thus, the Court explored the only

meaningful alternatives to dismissal in its arsenal and found that they were not effective. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted). The Court therefore concludes that sanctions other than dismissal are no longer appropriate.

Only the fifth factor, the general policy favoring resolution of cases on the merits, arguably favors retention of this action on the Court's docket. It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). The Court cannot dispose of a case on its merits when the plaintiff fails to move the case forward, does not comply with court orders, and does not explain his silence or delay. Plaintiff has now allowed this matter to languish on the Court's docket for over six months without a viable initial pleading despite the Court's repeated instructions and warnings. It therefore appears that the Court's retention of this action would not increase the likelihood that the matter would be resolved on its merits.

## CONCLUSION

For the foregoing reasons, the above captioned matter is dismissed without prejudice; and Judgment shall be entered accordingly. IT IS SO ORDERED.

//
//
//
//
//
//
//
//

4

LET JUDGMENT BE ENTERED ACCORDINGLY.

As required by F ED. R. C IV. P. 58(a)(1), final judgment will be issued separately.

DATED: May 11, 2018 _____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE